242 So.2d 533

**STATE of Louisiana, Appellee,**

v.

**Riley JUNIUS, Appellant.**

**No. 50510.**

Dec. 14, 1970.

Rehearing Denied Jan. 18, 1971.

Barry F. Viosca, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

TATE, Justice.

The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to twenty-five years in the state penitentiary. His appeal relies upon one bill of excep-

tion, taken to an in-court identification of him as one of the armed robbers by a 12-year-old boy.

The question so presented is whether an accused can be required to rise and present himself for viewing, during trial, by an eyewitness who has previously identified the defendant from mug shots and a police line-up, and who has previously stated on direct examination that he did not see any of the perpetrators of the crime present in the courtroom.

The defendant argues that the compulsory exhibition of his person under these circumstances was impermissibly suggestive to the 12-year-old witness of the identification he was being asked to make. The defendant contends that the identification procedure was unduly prejudicial and conducive to irreparable misidentification.

In support of this contention, counsel relies upon Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969); Biggers v. Tennessee, 390 U.S. 404, 88 S. Ct. 979, 19 L.Ed.2d 1267 (1968); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Coleman v. State, 8 Md.App. 65, 258 A.2d 42 (1969).

■ The cited decisions do indeed hold that there may be a denial of due process

of law if, judged by the totality of circumstances, the identification procedures are unnecessarily suggestive and conducive to irreparable mistaken identification—"so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification", Simmons v. United States, cited above, 390 U.S. at 384, 88 S. Ct. at 971, 19 L.Ed.2d 1247. However, the claim of unduly prejudicial identification must in each instance be determined upon the totality of the surrounding circumstances. See also Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

We should, initially, note that here we are not concerned with any claim that the in-court identification was tainted by improperly suggestive pre-trial photograph-viewing or line-up procedures. The sole contention is that the identification of the defendant by the 12-year-old witness at the jury trial offended due process.

Prior to the trial, the young witness and the victim of the robbery had each separately identified the defendant as one of the armed robbers. They had done so, first, by picking his photograph from five shown them and, then, from a line-up. (Neither the selection of photographs nor the line-up are claimed to have been unfairly suggestive.)

At the trial, the young witness was asked if he saw in the courtroom the man who had held the gun in the robbery. He replied, "No." Over objection, the court permitted the prosecutor to have the defendant stand.

The boy then identified the defendant: "I remember the scar on his arm, on his right arm, the scar." He further testified that he had seen the defendant outside the store before the robbery, and several times in the neighborhood prior to that.

In overruling the objection to this method of identification, the trial judge noted that the witness was a young boy who, at the time of the question, was looking in the area of the spectators and not in the area where counsel and the defendant were seated. The judge further noted that he allowed defense counsel wide latitude in questioning this young witness with regard to the correctness of his identification.

We find no error under the circumstances shown. This is not an instance where the defendant is first identified as the perpetrator of the criminal act by unnecessarily suggestive procedures conducive to mistake. Additionally, here, the confusion of the young witness, the fact that the identification in large part depended on an arm scar not readily observable when sitting, and the circumstance that this case involves an in-court recognition of a suspect previously properly identified independently—all persuade us that, in the totality of circumstances, the present identification was not unduly prejudicial and did not constitute a denial of due process.

In reaching this conclusion, we also bear in mind that the initial failure to identify the defendant and the subsequent identification of him by the young witness, as well as the surrounding explanations and circumstances, took place before the trial jury, the trier of fact. Thus the jury was in a position to evaluate whether the young witness was more accurate in his first failure to identify than in his subsequent identification, aided in its determination by cross-examination and argument of counsel.

We therefore reject the defendant's claim that his conviction should be reversed for the reason claimed. Each identification objected to as violative of due process will be considered in the context of the circumstances in which it is made. Viewed in the totality of its surrounding facts, the present identification was not the result of unduly prejudicial procedures so as to offend constitutional due process guarantees of fairness.

The defendant does not claim that his being forced to stand at the trial violated any other constitutional protection, such as the privilege against self-incrimination.

Nor could he, validly. See: Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Thompson, La., 240 So.2d 712, (rendered November 9, 1970); State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970), and State v. Roy, 220 La. 1017, 58 So.2d 323 (1952).

For the reasons assigned, the conviction and sentence are affirmed.

Affirmed.