269 So.2d 821

**STATE of Louisiana**

v.

**Lawrence E. O'BRIEN.**

**No. 52626.**

Nov. 28, 1972.

Bernard J. Usprich, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Lawrence O'Brien, was convicted of simple burglary (La.R.S. 14:-62), and was found guilty of violation of the mulitple offender statute (La.R.S. 15:-529.1). He was sentenced to fifteen years at the Louisiana State Penitentiary. He appeals his conviction of simple burglary, relying on seven bills of exceptions reserved and perfected.

Bill of Exceptions No. 1 was reserved to the trial court's denial of the defendant's motion to suppress. At the hearing on the motion it was established that the defendant was found by police officers hiding in shrubbery near the premises burglarized. The physical evidence (burglary tools) sought to be suppressed was found by the officers laying on the ground about two to three feet from the defendant and in plain view. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. McQueen, 257 La. 684, 243 So.2d 798 (1971). This bill is without merit.

Bill of Exceptions No. 3 was reserved to the trial court's ruling that an inculpatory statement made by the defendant subsequent to his arrest was admissible. At a hearing conducted out of the presence of the jury, it was found that the statement was voluntary and that the defendant had been given the Miranda warnings prior to his making the statement. Such a determination by the trial court is given much weight and we find no abuse of discretion here. State v. Morris, 259 La. 1001, 254 So.2d 444 (1971); State v. Cripps, 259 La. 403, 250 So.2d 382 (1971). The bill is without merit.

We have examined defendant's bills No. 2, 4, 5, 6, and 7 and find they raise no substantial question and are without merit.

For the reasons assigned, the conviction and sentence are affirmed.