273 So.2d 259 (1973)
STATE of Louisiana
v.
Emery CHANEY, Jr.
No. 52938.
Supreme Court of Louisiana.
February 13, 1973.
Allen C. Hope, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant, Emery Chaney, Jr., was tried and convicted by a jury and sentenced to serve eighteen (18) years in the state penitentiary for a violation of La.R.S. 14:64, Armed Robbery. On this appeal, he urged three bills of exceptions.
Bills of Exceptions Nos. 1 and 2 both pertain to the trial court's rulings during a hearing on the defendant's Motion to Suppress Identification. The first bill was specifically taken on the grounds that the trial judge erred when he refused to allow defense counsel to question the victims of the armed robbery, "as to whether they had been told by the police that there was *260 an informer in the case." Counsel contends that it could not, therefore, be determined whether or not the victims" identification of the defendant was tainted "by possible knowledge that the police had the defendant under arrest based on information from informer that he was the person who had committed the armed robbery." The second bill was taken to the trial court's denial of the Motion to Suppress the Identification.
We are not persuaded by the defendant's contention. The transcript of the hearing is replete with testimony by the victims and police that the photo identification which was held in the victim's store and the subsequent line-up, at which the defendant's attorney attended, was fairly conducted and no undue police influence imposed. We find that, notwithstanding defendant's objection, counsel did, in fact, manage to place before the hearing judge sufficient evidence by which it could be determined that the identification was not tainted by any undue police influence.[1]
Defense counsel's objection became moot when he was ultimately allowed to question one of the victims concerning whether the police had told them, the husband and wife victims, that an informant had supplied the information leading to the inclusion of the defendant's picture in the group of photographs presented for identification. Upon a pursuit of this matter, it was learned that the police had not told the victims about an informer. Inasmuch as the claim of unduly prejudicial identification must in each instance be determined upon all the surrounding circumstances, we must conclude we are in accord with the ruling of the hearing judge that nothing was revealed as to any police action calculated to predispose the victims to believe the accused's picture was presented to them because of any informer's opinion of the accused's involvement in the crime. State v. Junius, 257 La. 331, 242 So.2d 533 (1971). See also State v. Nails, 255 La. 1970, 234 So.2d 184 (1970). Such a factual determination by the hearing judge is given great weight and will not be disturbed upon appeal unless clearly against the preponderance of the evidence. State v. Hall, 257 La. 253, 242 So.2d 239 (1970); See also State v. Wilkerson, 261 La. 342, 259 So.2d 871 (1972).
Bills of Exceptions Nos. 1 and 2 are without merit.
Bill of Exceptions No. 3 alleges error discoverable on the face of the pleadings or proceedings to the effect that the trial judge failed to adequately instruct the jury on certain legal issues arising from evidence presented at the trial. This alleged error is not within those errors which are discoverable on the face of the pleadings and proceedings, the failure to object and reserve a bill of exceptions thereto precludes a review by this Court. This Court has held in State v. Fink, 255 La. 385, 231 So.2d 360, 365 (1970):
"Such an objection must be made at the time the general charge is given, so that the trial judge will have an opportunity to change, explain, or correct the charge. When raised for the first time in a motion for a new trial the objection comes too late." *261 We are therefore precluded from considering this bill of exceptions. La.C.Cr.P. Arts. 841, 844.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Most pertinent, the record discloses the following colloquy between defense counsel and one of the victims:

"Q. Did you tell the police anything?
A. I told him (Detective Orticke) the one I looked at was the one who had robbed us when I identified him, that's how I told him.
Q. Did the police tell you anything?
A. No sir.
Q. Did they tell you that they had your man?
A. No, they did not.
Q. Did they tell you that they had information that this is the man that committed the robbery and they wanted you to identify him?
A. No.
Q. Did they suggest it to you that they had reliable informers?
A. No.
Q. They didn't say anything about an informer?
A. No."