CALOGERO, Justice.
Defendant, Robert Franklin, was tried and found guilty on the charge of armed robbery, La.R.S. 14:64. After conviction he was charged and adjudged guilty as a second felony offender and was sentenced to serve 33 % years at hard labor. He appeals his conviction of armed robbery. During the trial he reserved and perfected eight bills of exceptions, all but two of which he has abandoned by virtue of failure to argue in brief to this court.[1]
Bills of Exceptions Nos. 2 and 3, argued before this Court (citing Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) [2]) alleged that the trial court erred in its ruling when it failed to rule the in-court identification of the defendant was inadmissible. The accused had been identified by several witnesses through photographs, prior to indictment and trial, without the presence of counsel and allegedly it was this identification that was “impermissibly suggestive.”
The claim of unduly prejudicial identification in each instance has been held by this Court to be determined upon all the surrounding circumstances. State v. Junius, 257 La. 331, 242 So.2d 533 (1971). Specifically, in this case, defense counsel objected to the introduction of the in-court identification made by eye-witness (a co- *164 employee of the victim, Mrs. Joyce Perkins), Mr. Kenneth Anthony Temple, and the testimony of Terrance J. Strada, the police patrolman who exhibited the set of photographs (including a picture of the defendant) to Mr. Temple and the other eyewitnesses. Defendant complained that the identification procedure was suggestive and that he had the right to have counsel present at the viewing of the photographs by the witness arguing that a photographic identification is a critical stage in the prosecution.[3]
The record does not disclose anything to suggest that the police procedure employed would give rise to any substantial likelihood of irreparable misidentification. We are in accord with the ruling of the trial judge that the defendant made no showing that the circumstances under which the identification took place were suggestive in any manner. All witnesses who identified the photograph of the defendant testified that the police did nothing to suggest which photograph they should identify as the robber. Each witness was presented with four photographs of subjects of similar physical characteristics and they all positively identified the photograph of the defendant as the armed robber.
Defense counsel’s argument that counsel should have been afforded at the pre-indictment photograph identification is foreclosed by Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).
Under these circumstances we find that the trial court was correct in allowing the in-court identification of the defendant.
For the reasons assigned, the conviction and sentence are affirmed.

. Nevertheless, we have reviewed the remaining bills and found them to be without merit.

. Simmons v. United States, supra, held, “ * * * Convictions based on eyewitness identification at trial following a pretrial identification by photographs will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification

. This same argument is at present under advisement by the U. S. Supreme Court which heard the argument in United States v. Asli, Docket No. 71-1255, January 10, 1973. 12 Cr.L. 4133 (January 17, 1973).