BARHAM, Justice
(dissenting).
I respectfully dissent from the majority’s determination that the identifications in court did not violate the defendant’s constitutional rights. It is my opinion that the in-court identifications by three of the State’s four eyewitnesses were so tainted by their prior out-of-court photographic identifications that admission of them as evidence constituted reversible error.
In State v. Chaney, 273 So.2d 259, 260 (La.1973), this Court held that the district judge’s determination on the admissibility of a photographic identification is given great weight and will not be disturbed on appeal unless the preponderance of evidence is clearly against it. It is my opinion that this case falls within that exception. As observed by the United States Supreme Court in Simmons v. United States, 390 U.S. 377, 383-384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 (1968):
“Regardless of how the initial misiden-tification comes about, the witness thereafter is apt to retain in his memory the image of the photograph rather than of the person actually seen, reducing the trustworthiness of subsequent lineup or courtroom identification.”
Therefore, if in-court identifications are based on a pretrial lineup that did not meet constitutional standards, the in-court identifications are fruit of a forbidden procedure and inadmissible. See Rudd v. State of Florida, 477 F.2d 805 (5th Cir. 1973). In Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199, 1206 (1967), the United States Supreme Court held that pretrial identification procedures “unnecessarily suggestive and conducive to irreparable mistaken identification” may violate due process. The test of the admissibility of in-court identifications by witnesses who attended impermissibly suggestive pretrial identification procedures was promulgated in Simmons v. United States, supra. The Supreme Court held in Simmons that the State commits reversible constitutional error in eliciting in-court identifications by witnesses if the pretrial identification proceedings they attended were “so impermissibly suggestive as to *745 give rise to a very substantial likelihood of irreparable misidentification.” Id. 390 U.S. at 384, 88 S.Ct. at 971, 19 L.Ed.2d at 1253.
In Rudd v. State of Florida, the Fifth Circuit Court of Appeals affirmed the trial court’s holding that an identification procedure by two or more witnesses in the presence of each other was impermissibly suggestive. 343 F.Supp. 212 (M.D.Fla.1972), aff’d 477 F.2d 805 (5th Cir. 1973). In Rudd, the police permitted two witnesses to simultaneously view and identify photographs. The court held :
“In so doing neither witness had an opportunity to evaluate independently the identification material which he or she was examining. Therefore, any identification by one could not otherwise but color the judgment of the other. Thus, this Court holds that any simultaneous identification of a suspect by two or more witnesses in the presence of each other is so impermissibly suggestive as to amount to a denial of due process, and any subsequent in-court identifications must be subjected to a per st exclusionary rule * * *Id. 343 F.Supp. at 220.
The Fifth Circuit upheld the district court’s determination of this issue, but rejected the per se exclusionary rule articulated in the district court’s opinion as too rigid because due process inquiries should be made in each case into the impermissible suggestiveness issue. In my opinion, application of that test to the facts in this case must result in a determination of constitutionally impermissible suggestiveness.
In the case at bar, one of the eyewitnesses, Mrs. Soileau, in the presence of the other eyewitnesses singled out a photograph and identified it as the man who held the gun during the robbery. She exclaimed words to the effect that this was the man, whereupon the other eyewitnesses examined the photograph and concurred in her identification. Mrs. Soileau’s exclamation could not help but affect the judgment of the other three witnesses, regardless of whether she was in any supervisory position over them or of whether she had a particularly forceful personality. It is impossible to make a subsequent determination as to whether the other three witnesses based their identifications upon the actual incident, or, subconsciously, upon the photograph thus singled out. Four repetitious in-court identifications, as compared to only one if the testimony of the other three witnesses had been held inadmissible, here constitutes irreparable prejudicial error. For these reasons, it is my opinion that the district court committed constitutionally reversible error in admitting the testimony of the three witnesses.
I respectfully dissent.