SUMMERS, Justice.
A bill of information charged that defendant Dwight Simms robbed Lawrence Stone of $75 on February 22,1975. La.Rev. Stat. 14:65. Simms was found guilty in a bench trial and sentenced as a habitual offender to serve twenty years at hard labor. La.Rev.Stat. 15:529.1.
The victim of the robbery, Lawrence Stone, testified that about 6:30 p.m. on February 22, 1975 he was accosted by the defendant while he was buying a carnation from the Vogue Flower Shop on Magazine Street in the city of New Orleans. Just prior to the actual robbery he observed defendant walking behind him. Stone’s suspicions were not aroused because, although he did not know defendant, he had encountered him twice before in the same neighborhood. Once the defendant tried to borrow cigarettes, and on another occasion defendant made sexual advances.
As he stood on the walk in front of the flower shop, Stone was approached from behind by defendant who quickly thrust his hands into Stone’s pockets and grabbed $75 and Stone’s identification card. A short struggle ensued and defendant fled, pursued by Stone and a taxi driver. Defendant soon eluded his pursuers in the gathering darkness.
Police officers were summoned and Stone described his assailant as a Negro male, 5'9", of slim build, wearing a black hat, black and brown leather coat and dark pants. He particularly informed them that the culprit’s lower teeth were noticeably malformed and decayed. He was conscious of this characteristic, he later said, because he was meticulous about the condition and care of his own teeth.
The police and Stone then proceeded to the police station. There, with the help of the description furnished by Stone, the police withdrew five photographs from their files, including one of defendant. These were handed to Stone in random order to ascertain whether he could identify defendant. Without suggestion of any kind from the police, Stone identified defendant from his photograph. The next day the police recognized defendant at a street comer in the neighborhood and arrested him.
Defendant testified at the trial. Other than to deny categorically that he had ever seen the victim and to admit prior offenses, defendant gave no testimony relevant to the issues presented.
Two errors in rulings of the trial judge are assigned on this appeal; one deals with the admission of the photographs used in a photographic identification, and the other pertains to an alleged impermissible in-court identification procedure.
In the first assignment of error the defense argues that, based upon the victim’s vague description, the police chose “mugshots” which were unduly suggestive for the photographic lineup at the station. The *876 undue suggestion arose from the fact, it is argued, that defendant’s photograph was the only one depicting a person with malformed and decayed teeth, a physical feature of the robber most outstanding in the mind of the victim. Another and less prejudicial identification procedure should have been employed by the police, the defense submits.
As already noted, no impermissible, suggestive procedures were involved. The police chose the photographs with the help of the previous description supplied by the victim shortly after the robbery. All five photographs depicted persons of similar age and physical characteristics. A review of the photographs convincingly demonstrates that they are nonsuggestive. Defendant’s mouth is closed and exhibits no abnormality. From these the victim made an independent choice, free of assistance or suggestion. Aside from the fact that defendant’s bad teeth impressed him, the victim had ample opportunity to observe defendant at the time of the robbery and on two previous occasions when he was approached by this defendant.
The totality of the circumstances belie the contention that any impermissible suggestion occurred here. State v. Mitchell, 278 So.2d 48 (La.1973); State v. Junius, 257 La. 331, 242 So.2d 533 (1971).
The second defense complaint arose from an incident which occurred during the trial. While the victim Stone was testifying, he was asked if the person he identified from the photographs at the police station was the defendant present in court at the time. He was- asked to point him out and did so. Asked if he was sure, he said he would be if he saw the defendant’s teeth. Whereupon, at the prosecutor’s request, and over defense objection, the court ordered defendant to open his mouth. Stone then positively identified the defendant.
As the defense argument is understood, compelling the defendant to open his mouth and expose his bad teeth amounted to impermissible suggestion, tainting the identification with illegality.
Standing alone, the act of compelling the defendant to open his mouth to display his bad teeth is permissible. Requiring a defendant to be observed is demonstrative evidence, and the practice has been approved by this Court. State v. Collins, 328 So.2d 674 (La.1976); State v. Brown, 326 So.2d 839 (La.1976). Nor does the procedure in the case at bar render the in-court identification unduly suggestive.
Even before the court ordered defendant to open his mouth the victim Stone had readily identified him. Further, he had identified him from photographs at the police station and had ample opportunity in his three encounters with defendant to establish an independent source of identification. There is, therefore, no merit to this contention.
For the reasons assigned, the conviction and sentence are affirmed.