BOLIN, Judge.
Rory Kevin Gates, sixteen years of age, was adjudged a juvenile delinquent based on a finding that he was guilty of simple burglary and simple damage to property in violation of Louisiana Revised Statutes 14:62 and 14:56. He appeals and we affirm.
Defendant contends: (1) notice given to him of the state’s intent to use his inculpa-tory statement was neither timely nor specific as to the nature of the statement, and (2) the statement was inadmissible because the state did not prove it was given voluntarily after defendant had been apprised of his constitutional rights.
A juvenile hearing to adjudicate delinquency must be conducted within the framework of due process and fair treatment. Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
Louisiana Code of Criminal Procedure Article 768 provides that if the state intends to introduce an inculpatory statement in evidence it must so advise defendant in writing prior to the state’s opening statement.
On the morning of the scheduled hearing the state presented defendant with a letter stating:
“Please be advised that the State intends to use against you a confession, admission or inculpatory statement made by you in the presence of Detective L. S. Huckaby, III and others in connection with your trial involving alleged theft from Multi Products, Inc., at Coushatta, Louisiana. This statement was made by you at or about the time of your arrest in connection with this matter.”
Since this case was heard in chambers no opening statement was made and defendant received the notice prior to any other action being taken. We find the notice was timely as provided by Article 768. State v. Morris, 259 La. 1001, 254 So.2d 444 (1971); certiorari denied 406 U.S. 959, 92 S.Ct. 2066, 32 L.Ed.2d 346.
*975 The purpose and intent of Article *768 is to identify the particular inculpatory statement so that defendant is not surprised by its introduction at the trial and is afforded reasonable opportunity to prepare a defense pertaining to the inculpatory statement. State v. Sneed, 316 So.2d 372 (La.1975). There is no evidence that defendant was misled or surprised by the state’s introduction of his oral confession. We find the notice given here adequately notified defendant as to the date and circumstances surrounding the statement to be introduced and complied with the spirit and purpose of Article 768.
The burglary in question occurred on the evening of September 1, 1976. As defendant had pled guilty to burglary of the same building some months earlier, and as both break-ins were accomplished in an identical manner, the investigation immediately focused on defendant. An interrogation of an acquaintance of defendant on September 2 disclosed information further tending to incriminate defendant, and the sheriff’s department asked defendant’s mother to bring the juvenile to the courthouse for questioning that same day. There, in the presence of the juvenile’s mother, a police officer, and a deputy sheriff, the juvenile confessed that he had burglarized the building.
Before a confession is admissible the state must prove that it was given freely and voluntarily and not as a result of threat or inducement. R.S. 15:451. At the hearing the juvenile and his mother testified that the interrogation lasted for approximately five hours; that the juvenile was not apprised of his right to counsel; and that the officers promised that things would go easier on the juvenile if he confessed. Defendant and his mother did not contend that he was removed from his mother’s presence during the course of the interrogation.
The trial judge rejected this testimony and adopted the version offered by the officers conducting the interrogation. The trial judge found, “This confession was in a carpeted, newly-paneled office room after the boy had been brought into custody and in the company of his mother for some two or three hours.” He found the confession to be “frankly given and voluntary after having been advised of his rights.” We find the trial judge’s ruling as to the volun-tariness of the juvenile’s confession to be supported by the evidence.
Finding no error in the judgment of the trial court, it is affirmed.