LOTTINGER, Judge.
This is an appeal from a judgment committing the juvenile, Leander Jones, to the Louisiana Department of Corrections.
On November 3, 1977, a 5 year old girl was forced to perform unnatural sex acts at approximately 2:20 P.M. in the girls’ bathroom of Prairieville Elementary School. Leander Jones, a 13 year old youth, fitting the description given by the girl, was ap *637 prehended at approximately 5:00 P.M. and was orally given his Miranda Rights.[1] He was interrogated until 6:30 P.M. during which time he gave an oral confession which was subsequently tape recorded. Leander signed a written waiver of his Miranda Rights prior to the taping of his confession. Leander’s mother arrived at about 6:30 P.M. and was informed of the statement given by Leander. She listened to his taped confession and signed the waiver of rights which had previously been signed by Leander.
The trial judge in his per curiam opinion dismissing the defendant’s motion to suppress found:
“In the Court’s view, the evidence submitted on the hearing of the motion to supress [sic] clearly supports the ruling of this Court. This evidence clearly shows that there were no threats, intimidations, duress, pressures or other actions on the part of the officers who handled the interrogation of the juvenile. The fact that he initally [sic] refused to give a statement attests to his understanding in this regard. He thereafter gave a statement and later affirmed it in the presence of his mother, who also signed the waiver of rights form.
“On the question of the juvenile’s mental capacity, the Court is convinced that based on the Court’s interrogation of the juvenile, his manner and demeanor at the hearing, the evidence as a whole, this juvenile possessed sufficient mental capacity to comprehend what he was doing and saying.”
The appellant argues that the trial court committed error in (1) refusing to grant the motion to suppress on behalf of the defendant, (2) finding that the State had met its burden of proof and (3) refusing to grant the defendant a new trial.
Based on the per curiam opinion of the trial judge and this court’s thorough reading of the record, it is evident that the defendant gave a voluntary confession after being apprised and comprehending his constitutional rights. In speaking on self-incriminating statements made by a juvenile, the United States Supreme Court in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) said:
“We conclude that the constitutional privilege against self-incrimination is applicable in the case of juveniles as it is with respect to adults. We appreciate that special problems may arise with respect to waiver of the privilege by or on behalf of children, and that there may well be some differences in technique— but not in principle — depending upon the age of the child and the presence and competence of parents. The participation of counsel will, of course, assist the police, Juvenile Courts and appellate tribunals in administering the privilege. If counsel was not present for some permissible reason when an admission was obtained, the greatest care must be taken to assure that the admission was voluntary, in the sense not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights or of adolescent fantasy, fright or despair.”
In Louisiana both the Second and Fourth Circuit Courts of Appeal have spoken on juvenile confessions finding them admissible following a showing by the State that the inculpatory statements were freely and voluntarily given by the juvenile after being informed and understanding his constitutional rights, and that no threats, coercion or promises of reward were made to entice the juvenile into waiving those rights. State in Interest of Gates, 345 So.2d 974 (La.App. 2nd Cir. 1977); State v. Melanson, 259 So.2d 609 (La.App. 4th Cir. 1972).
We affirm the trial judge’s holding that (1) the defendant was advised of his constitutional rights prior to his making the in-culpatory statement, (2) the defendant was intelligent and capable of making a valid waiver of his constitutional rights, (3) the inculpatory statement was not the result of threats, coercion or promises and (4) his surroundings were not so intimidating as to cause an involuntary statement.
*638 Thus, we find no error in the trial judge’s dismissing the motion to suppress.
With the admission of the testimony of the hearing on the motion to suppress and the unobjected to testimony of the juvenile officer, Ed Buie, we find that the State established beyond a reasonable doubt that there was a criminal offense and that the appellant committed that offense, he having so confessed. Thus, the trial judge was not in error in failing to grant the defendant’s motion for a new trial.
Therefore for the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).