LOTTINGER, Judge.
The decision of this court in State of Louisiana in Interest of Jones, 357 So.2d 636 (La.App. 1st Cir. 1978) was on July 3, 1978 reversed by the Louisiana Supreme Court, 360 So.2d 1181 (La.1978), and remanded for reconsideration in light of State in Interest of Dino, 359 So.2d 586 (La.1978).
In Dino, supra, the Supreme Court set down the following criteria for the admission of a confession of a person under 17 years of age:
(1) that the juvenile actually consulted with an attorney or an adult before waiver,
(2) That the attorney or adult consulted was interested in the welfare of the juvenile, or
(3) that, if an adult other than an attorney was consulted, the adult was fully advised of the rights of the juvenile. (Emphasis added)
The facts in the instant case point out that Leander Jones, a 13 year old at the time of the apprehension, was brought to the juvenile office around 5:00 p. m. and was interrogated for approximately an hour and a half. Following the period of questioning in which no threats or acts of violence or coercion were made, Leander voluntarily signed a waiver of his Miranda rights and gave a taped inculpatory statement concerning an attack on a 5 year old girl. Jones was not in consultation with an attorney or an adult interested in his welfare before he signed the waiver or gave his confession. Under the criteria established in Dino, supra, the inculpatory statement given by Leander is clearly inadmissable.
Mrs. Jones, Leander’s mother, arrived after the taped confession was given. She was informed of the confession and signed the waiver which Leander had previously signed. It is unclear whether Mrs. Jones fully understood the waiver she signed.
Though the mother in the Dino case gave a post confession waiver of her son’s rights, the Supreme Court made mention of this fact only in passing. Thus, we are left with the impression that our Supreme Court discounted the waiver of the parent, and only looked to the validity of the waiver of the juvenile. Therefore, we conclude that any waiver given by Mrs. Jones subsequent to Leander’s confession does not in any way affect the validity of the confession.
In light of Dino and the significant fact that Leander had no consultation with an attorney or an adult interested in his welfare prior to giving his confession, we therefore reverse the trial court’s denial of the motion to suppress and remand this case for further proceeding not inconsistent with the views herein expressed.
REVERSED AND REMANDED.