PONDER, Judge.
We granted a rehearing to reconsider our first opinion in view of the Supreme Court’s decision in State of Louisiana v. Collum, La., 365 So.2d 1272, 1978.
In our first opinion we applied the holding of State, In the Interest of Dino, 359 So.2d 586 (La.1978) that a juvenile could not waive his constitutional right against self-incrimination without consulting an attorney or an adult both interested in the juvenile’s welfare and fully advised of the juvenile’s rights. For retroactive application of Dino, we relied on State of Louisiana, In the Interest of Leander Jones, 360 So.2d 1181 (La.1978) in which the Supreme Court reversed our decision, reported at 357 So.2d 636, and remanded for reconsideration in light of the Dino case.
We were in error. In State v. Collum, supra, concerned with the confession of Donnie Collum, the 15 year old brother of Scotty Collum, the Supreme Court held that the Dino decision will affect only those cases in which the trial began after June 15, 1978.
The appellant contends that the confession should have been suppressed because defendant was being detained in a lock-up in California intended primarily for adult offenders, allegedly a violation of Louisiana[1] and California[2] statutes.
*461 The same contention was made in State v. Collum, supra, and was rejected on two grounds: (1) our statute allows those 15 years old or older to be detained in an adult detention place if in a separate room or ward; (2) improper detention is only a factor in the totality of circumstances test for free and voluntary nature of a confession and does not invalidate per se a confession obtained during the statute’s violation. The first reason does not apply to Scotty Collum since he was thirteen years old at the time. The second reason applies, however, and we reject appellant’s contention that the confession should be suppressed because of that violation. We do consider it as one of the factors in the totality of circumstances test.
In detailed, meticulous written reasons for judgment, the trial court considered all the relevant factors to be considered in determining the free and voluntary nature of the confessions and inculpatory statements. We find no error.
Furthermore, the Supreme Court in State v. Collum, supra, considered the facts surrounding Donnie Collum’s confession and found it to be free, voluntary and admissible. Except for the age of the defendants and minor differences of time and circumstances that we find to be immaterial, Donnie’s and Scotty’s confessions were obtained under circumstances so nearly identical as to dictate a like result.
For these reasons, our prior decision is now recalled and there is now judgment affirming the trial court’s denial of the motion to suppress.
AFFIRMED.

. LSA-R.S. 13:1577.

. Calif. Code Ann. Welfare & Institutions, § 216(b).