242 So.2d 239

**STATE of Louisiana, Appellee,**

**v.**

**Charles HALL and John Lee Gregley, Appellants.**

**No. 50386.**

Dec. 14, 1970.

Robert E. Lee, Gretna, for appellants.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

TATE, Justice.

The defendants appeal their conviction of armed robbery, La.R.S. 14:64, and their consequent sentences of fifteen years to the state penitentiary. The principal issue

raised by the four bills of exception: Were the defendants' oral and written confessions and statements free and voluntary?

Before introducing a confession into evidence in a criminal prosecution, the state must show beyond a reasonable doubt that it was freely and voluntarily given and was not induced by threats, duress, or violence. La.Const., Art. I, Sec. 11; La.R.S. 15:451, 15:452; State v. Anderson, 254 La. 1107, 229 So.2d 329 (1970). The state has met this burden here.

The defendant Gregley was captured fleeing by automobile from the scene of armed robbery. Gregley was not questioned at that time. He was first brought to the police station and booked.

According to the police officer witnesses, Gregley was given the pre-interrogation warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) before he was questioned. (These, of course, are: the accused has a right to remain silent; anything he says can be used against him; he has the right to the presence of an attorney; and, if he cannot afford a lawyer, one will be appointed to represent him prior to his being questioned.)

According to the police officer witnesses, after about an hour of interrogation, and upon being confronted with inconsistencies and adverse evidence, Gregley orally confessed to the crime. He then dictated and signed a written confession. The police officers positively testified that no force, threats, or other coercion was used to obtain his confession.

Gregley testified at the trial that no Miranda warnings were given and that he was maltreated by blows and by having his head placed in a plastic bag before he confessed. He attempted to explain his signed acknowledgment of the warnings and his signed waiver of counsel by stating he had signed a receipt for property taken from him.

We find no error in the trial court's finding that the statements and confession were not the product of coercion or duress, and that they were freely and voluntarily given after the defendant was fully advised of his constitutional rights as required by Miranda. Such a factual determination by the trial judge is given great weight and will not be disturbed upon appeal unless clearly erroneous. State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970); State v. Johnson, 249 La. 950, 192 So.2d 135 (1966); State v. Hughes, 244 La. 774, 154 So.2d 395 (1963); State v. Domino, 234 La. 950, 102 So.2d 227 (1958).

For similar reasons we reject the codefendant Hall's identical bills of exception.

On the afternoon following the robbery, Hall had voluntarily appeared at the police

station after the law enforcement officers had inquired at his home for him. Hall himself did not take the stand at the trial to dispute the uncontradicted testimony that he was advised of his Miranda rights before he was interrogated and that, after initial protestations of innocence, he freely and voluntarily confessed to the crime.

■ The defendants also objected to testimony of exculpatory statements made by Gregley[1] and Hall[2] as they were being arrested. These protestations of innocence were made before any Miranda warning was given.

We find no merit to these objections. Miranda expressly excludes from its prior-warning requirements such spontaneous volunteered statements given without compelling influence or custodial interrogation (i. e., *questioning*). 384 U.S. 478, 86 S.Ct. 1630. See also Lawrence v. United States, 224 A.2d 306 (D.C.Ct.App., 1966).

For the foregoing reasons, the convictions and sentences are affirmed.

Affirmed.

---

1. When stopped, Gregley protested, "What did I do? I didn't do anything." When searched and found with a large roll of bills and quantity of change in his pockets, he spontaneously volunteered, "Some man jumped in the car and put that money in my coat."

2. Hall was arrested at the police station, to which he had voluntarily gone after the police had inquired at his home for him. When told he was arrested, he exclaimed, "I didn't do it; I didn't do it."