256 So.2d 436

**STATE of Louisiana**

v.

**Charles Lynn WILLIS.**

No. 51729.

Jan. 4, 1972.

James D. Sparks, Jr., Monroe, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Robert W. Kostelka, Dist. Atty., Gilbert T. Brown, Jr., Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Charles Lynn Willis, was tried by a jury and convicted of the crime of murder, La.R.S. 14:30. He was sentenced to hard labor at the State penitentiary for the remainder of his natural life.

On this appeal, the accused is relying on one bill of exceptions to obtain a reversal of the conviction. By this bill, Willis contends that no *Miranda* warnings were given a witness who led the police to

the recovery of the murder pistols and that the introduction of the pistols into evidence was a violation of his (the defendant's) constitutional rights against self-incrimination.

There is nothing in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) that suggests the privilege against self-incrimination can be imparted to another party, be he a witness or suspect on the defendant's behalf. In addition, there is evidence that the witness was given Miranda warnings, and further, the witness did not incriminate himself. The trial court's "Per Curiam" sets forth the factual basis for this finding, and such a factual determination by the trial judge is given great weight and will not be disturbed upon appeal unless clearly erroneous. State v. Hall, 257 La. 253, 242 So.2d 239 (1970); State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970).

The privilege against self-incrimination exists for the individual's protection and is a personal right. The defendant certainly had no constitutional right not to be incriminated by someone else. See Bryson v. United States, 136 U.S.App.D.C. 113, 419 F.2d 695; People v. Varnum, 66 Cal.2d 808, 59 Cal.Rptr. 108, 427 P.2d 772 (1967), cert. denied Varnum v. California, 390 U. S. 529, 88 S.Ct. 1208, 20 L.Ed.2d 86 (1968).

For these reasons, we find the defendant-appellant's contentions to be without merit. The conviction and sentence are affirmed.