269 So.2d 831

**STATE of Louisiana**

v.

**Johnny Lee BRADFORD.**

**No. 52735.**

Nov. 28, 1972.

Dissenting Opinion Dec. 6, 1972.

James D. Sparks, Jr., Monroe, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Johnny Lee Bradford, was tried by a jury and convicted of the crime of theft, La.R.S. 14:67. He was sentenced to six years at the Louisiana State Penitentiary. He appeals his conviction on the basis of one bill of exception reserved and perfected during the proceedings.

By this bill, counsel contends that it was error for the trial court to overrule his objection to the introduction of certain oral inculpatory statements made by defendant, on the basis that they were not freely and voluntarily given, but rather were the product of non-fulfilled inducements and promises.

In its "Per Curiam" attached to the Bill of Exceptions, the trial court found,

"Defendant apparently was attempting to contend that he made the inculpatory statement because he hoped for assistance in regard to another violation, but if so, there was no evidence to indicate that this state of mind resulted from any act, inducement, promise or any other suggestive or persuasive conduct on the part of any police officer."

The trial judge also found that the defendant had been given the proper *Miranda* warnings prior to his making the statements.

Such a factual determination by the trial judge is given great weight and will not be disturbed unless clearly erroneous. State v. Hall, 257 La. 253, 242 So. 2d 239 (1970). We find no such error. Since we find the statements to be voluntary, they are admissible in their entirety. La.R.S. 15:451.

For this reason, the conviction and sentence are affirmed.

BARHAM, J., dissents and assigns reasons.

BARHAM, Justice (dissenting).

I am of the opinion that defendant's bill of exceptions leveled at the introduction of an oral inculpatory statement made by him is good. He attacks the introduction of

the statement on the basis that the State did not establish that it was freely and voluntarily given, and that the State did not establish that the Miranda warnings were given before the statement.

Only one of the two officers present at the interrogation testified at the trial. His testimony is filled with inconsistencies, but it may be gathered without contradiction that from the beginning until the end Johnny Lee Bradford refused to sign the waiver form that was available and refused to orally waive his constitutional rights as pronounced in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The officer's testimony is inconsistent as to what Miranda warnings were given orally and when they were given. He is consistent, however, in saying that the defendant never expressly waived his rights and that he refused to give a written statement. It is also certain the defendant refused to make a confession or admission on the electric recording device which could have been activated by a single switch. Although defendant admittedly refused to give any statement at the beginning of the conversation, the officers, after talking with him for 20 minutes, finally obtained an oral inculpatory statement. The continued questioning of the defendant after he refused to waive his constitutional rights and refused to give any statement is a violation of the Miranda rules. More-over, the simple activation of the recording device at the beginning of the interview or interrogation would have preserved a good evidentiary record of whether a statement was made and whether it was constitutionally obtained. Failure of the officers to use this device and the continued questioning after the defendant refused to waive his constitutional rights and to make any statement are strong evidence that a constitutionally free and voluntary statement was *not* made by this defendant.

Additionally, I am of the opinion that the officers actually used the duress of exposing the defendant to a federal charge to procure the statement. At least the State has not established through its one witness that this compulsion was not in fact brought to bear on the defendant by the police.

The State was obligated to establish as a predicate for the use of the statement that it was given voluntarily without inducement or coercion—physical or psychological—, and that it was given after an express waiver of the Miranda constitutional rights. Under the circumstances attendant upon this interrogation, I conclude that the State has failed to discharge *its burden* of establishing that this was in fact a constitutionally free and voluntary statement.

For these reasons I respectfully dissent.