278 So.2d 48 (1973)
STATE of Louisiana
v.
Hubert Thomas MITCHELL.
No. 52747.
Supreme Court of Louisiana.
May 7, 1973.
*50 Andrews, Barry & DeSalvo, Dean A. Andrews, Jr., Michael F. Barry, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy Hartley, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Hubert Thomas Mitchell was tried and found guilty on the charge of simply burglary. After conviction he was charged and adjudged guilty as a second felony offender and sentenced to serve 15 years at hard labor. Twenty-seven bills of exceptions have been perfected, briefed, and argued before this court.
Before trial a hearing was held to consider motions to suppress the defendant's confession, some physical evidence seized from defendant's apartment and automobile, and identifications of defendant by two witnesses. Bill of Exceptions No. 2 was taken to the denial of the motion to suppress the identifications by Joseph Impastato and David Sloane. Impastato was the maintenance supervisor of the Mirabeau Apartments where this simple burglary occurred. At about the time of the crime, which was committed in the afternoon, Impastato noticed an unknown man standing next to a parked car in the parking lot for the building, and watched him for a while. When Impastato learned of the burglary, he gave the police a description of the stranger he had seen. A week or so after the offense was committed, Impastato identified a photograph shown to *51 him by the police as that of the man he had seen that day. The photograph was of the defendant. The defendant argues that the identification procedures followed by the police on this occasion were so suggestive as to taint Impastato's identification and render his in-court testimony illegal under Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).
In State v. Jackson, 259 La. 957, 254 So.2d 259 (1971), we considered the application of the Simmons rationale, noting that the test to be applied was whether the photographic identification procedure was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. Here, at the time of the identification of the photograph no discussion was had or suggestion made by the officer to Impastato. Although as a general rule the witness should be shown a group of photographs, there is no indication that Impastato made his identification of this picture because it was the only one shown to him. He had had a good opportunity to see the stranger during the daytime in an open area for several minutes. The in-court identification of the defendant was based upon Impastato's recollection of the defendant from the parking lot and independent of the photograph that had been shown to him. The objection to this identification is without merit.
The other identification of the defendant was made by David Sloane, who had seen a man of the defendant's description on the day a burglary was committed at the house across from his. Bill of Exceptions No. 1 was reserved in connection with Sloane's testimony on the motion to suppress the identification. The defendant's picture was identified by Sloane from a group of photographs shown to him by the police. Sloane had described the hair of the man he had seen at the time of the burglary as short and dark brown. At the hearing defense counsel asked Sloane how many men in the photographs shown to him had short, dark brown hair. The court sustained the State's objection to the question since the photographs were in black and white and the color of the hair of the men in the photographs could not be determined. It is obvious that the witness could not have said which men in the pictures had dark brown hair. It is even more important to note that there was no suggestiveness in the procedure followed by the police when they showed Sloane the photographs, and that his in-court identification was based upon his having seen the defendant at the scene of the burglary at the house across from his own. (Sloane's testimony and identification were offered to show guilty knowledge, system, and intent at the trial. This will be discussed later in connection with other bills of exceptions.) This in-court identification was also properly allowed.
Bill of Exceptions No. 3 was reserved to the overruling of the motion to suppress defendant's confession, and Bill of Exceptions No. 17 was taken during the trial when the court ruled, out of the presence of the jury while the State laid its predicate for the confession, that the confession was free and voluntary. The oral confession of the defendant was made under the following circumstances: Defendant was arrested by the Jefferson Parish sheriff's department at the request of the New Orleans police and turned over to the Orleans police. He was taken to headquarters and told he had been arrested in connection with 13 burglaries. While his constitutional rights were being read to him from the "Rights of Arrestee" form, he made this statement: "I did not pull all of those jobs, some, but not all those. Let it stand as it is now." The officer wrote the statement down at the bottom of the arrestee form. There is nothing in the record to support defendant's argument that he was interrogated before being given the constitutional warnings as prescribed by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). At the hearing on the motion to suppress, the defendant did not take the stand to *52 give his version of how the statement was made. We find that the trial judge was correct in ruling, both on the motion to suppress and at the trial, that the confession was knowingly and voluntarily made, being a spontaneous, volunteered statement given without compelling influence or custodial interrogation. In Miranda the United States Supreme Court said: "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." See State v. Hall, 257 La. 253, 242 So.2d 239 (1970).
At the hearing on the motion to suppress a dress belonging to the victim of this burglary found in the defendant's apartment and some screwdrivers found in defendant's automobile, Bills of Exceptions Nos. 4 and 5 were taken when the court ruled these items were admissible. Bills of Exceptions Nos. 22 and 23 were reserved when the court allowed these items to be offered and introduced into evidence at the time of the trial.[*] Four arguments are presented in connection with the use of these items. First, the defendant argues that the warrant issued for the search of his apartment was illegal because the address was changed after the warrant was issued. The face of the warrant shows that the apartment designation was typed in as "C" but that a "3" was written over it. At the hearing Officer De Rose testified that he noted and corrected the error before he submitted the papers to the issuing judge. The trial judge accepted this explanation, and we find no error in this ruling. The officer had been to the apartment previously and would have known the correct apartment designation. The judge who signed the warrant testified that he could not remember anything about this particular warrant.
The second contention of the defendant is that the search and seizure made in his apartment were unconstitutional. The defendant's argument is directed at an alleged search and seizure made at the time of the arrest of his wife at their apartment. This seizure, however, has been confused by defendant with another seizure. The officers did take certain items at the time of Mrs. Mitchell's arrest. They testified at the hearing on the motion to suppress that these things had been voluntarily given to them by the defendant's wife, and that she had voluntarily told them about the burglaries she and the defendant had committed. None of these items were linked to the crime for which defendant was being tried, and they were not introduced into evidence at this trial. Thus the question whether Mrs. Mitchell consented to the police taking these items has no bearing on this case.
The dress belonging to the victim of this burglary, found in defendant's apartment and introduced into evidence at the trial of this case, was seized under a search warrant issued some time after the arrests of defendant and his wife. The affidavit on which this warrant was issued states that Mrs. Mitchell admitted that the clothing taken in this burglary was in the apartment. Probable cause for the issuing of the warrant is apparent. The defendant's right to raise questions about the constitutional rights of Mrs. Mitchell will be discussed under Bill of Exceptions No. 6. It is sufficient here to state that there is nothing to show that the allegations of this affidavit were false. See State v. George, La., 273 So.2d 34 (1973).
The third position taken by defendant under these bills of exceptions is that the search of the automobile was invalid and that therefore the screwdrivers found in *53 the car must be suppressed. The defendant's apartment had been under surveillance during the investigation of this and other burglaries. After the arrest of the defendant the police waited for his wife at their apartment building, and when she drove up, she was arrested and the automobile impounded. In a search of the car after it was taken to the police pound, the officers found screwdrivers which were the kind of instruments used in this burglary to gain admission to the apartment of the victim.
The defendant argues that this was a warrantless search, and that it could not be considered as an incident to a lawful arrest. There is, however, a search warrant in the record authorizing the search of the automobile, and the affidavit on which it was issued contains information on which a finding of probable cause can be made. Moreover, the testimony of the officer at the hearing on the motion to suppress and at the trial shows that the search of the automobile was made on the authority of that warrant. This search and seizure satisfy the requirements of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970), and Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
The fourth and final argument made by the defendant is that these items could not be introduced at the time of the trial because the State failed to introduce into evidence the search warrants under which they were seized. These search warrants are in the record and were considered by the judge at the hearing on the motion to suppress. It was at this point in defendant's case that the judge was required to consider the warrants; since the jury does not determine admissibility of evidence, such warrants need not be submitted to it.
Bill of Exceptions No. 6 was taken to the trial judge's denial of the defendant's motion to subpoena an out-of-state witness. The motion alleged: "The testimony of this witness is necessary to demonstrate & rebut allegations of the State of Louisiana that her rights under In Re Gault, ___ US ___; Miranda, Escobiedo [sic] et al were not in fact as set out by the State of Louisiana, but in fact were violated." The motion also alleged that the statements made by this witness were the grounds used in the affidavit for the issuance of the search warrant, and that those statements were obtained in violation of the witness's constitutional rights.
The assertion of Fifth and Sixth Amendment rights is a privilege that can be invoked only by the person whose rights were violated. This defendant has no standing to pursue the question of possible violation of another's constitutional rights as announced in Miranda v. Arizona, supra; Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); and In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L. Ed.2d 527 (1967). State v. Willis, 260 La. 439, 256 So.2d 436 (1972); Bryson v. United States, 136 U.S.App.D.C. 113, 419 F.2d 695 (1969); People v. Varnum, 66 Cal.2d 808, 59 Cal.Rptr. 108, 427 P.2d 772 (1967), cert. denied 390 U.S. 529, 88 S.Ct. 1208, 20 L.Ed.2d 86 (1968). See also 4 Wharton's Criminal Evidence § 716, p. 21 (13th ed. 1973); 8 Wigmore, Evidence §§ 2196, 2270 (McNaughton rev. 1961).
At the commencement of the trial defense counsel filed a motion for continuance, stating that a necessary witness for the defense was out of the state and could not be produced without a court order. When the judge denied the motion, Bill of Exceptions No. 7 was reserved. The motion acknowledged that defendant's position in seeking this out-of-state witness had already been considered by the court and rejected. The discussion of Bill of Exceptions No. 6 above shows that the witness could not have been used for the purpose intended by defendant. The trial judge did not err in his ruling.
Bills of Exceptions Nos. 8, 13, 14, 15, and 21 were reserved during the trial of *54 the case when the State or witnesses mentioned the defendant's alleged involvement in other burglaries. Evidence of another particular burglary and other burglaries in general was presented to the jury by the State under R.S. 15:445 and 446 to show guilty knowledge, system, and intent. The defendant argues that in the State's opening statement reference was made to "other burglaries" simply to prejudice the jury because the only other burglary brought out by the State was the one committed at 1363 Prentiss Avenue. Yet on cross-examination of Officer DeRose, defense counsel insisted that the officer testify about what he was told by defendant's wife. The court allowed the testimony when the State said it had no objection. Officer DeRose then related his conversation with defendant's wife, pointing out that "* * * At this time, she informed us that she was with him [the defendant] at the time he committed these burglaries [the one in this case and the one at 1363 Prentiss Avenue] along with numerous other burglaries over the past month. She told us that for the past month that they had pulled at least two burglaries every afternoon when she picked him up from work. * * *" (Emphasis supplied.) Thus not only did the jury hear the State's reference to other burglaries, but the information was fully brought forth by defense counsel. The last of the State's evidence presented all the details of the burglary at 1363 Prentiss Avenue on July 27, 1970, which, as the defense had earlier elicited in cross-examination, was committed by the defendant.
Having brought out this testimony, the defendant cannot now complain about the use of evidence of other offenses to show guilty knowledge, system, and intent. This testimony elicited by the defendant on cross-examination laid the predicate which linked the defendant to the burglary of 1363 Prentiss Avenue and confirmed his identity and the similarity of the offenses. This testimony showed that defendant and his wife used the same modus operandi in committing a series of burglaries. It was brought out that the crimes were committed in the afternoons at about the same time, and that they used screwdrivers to gain admittance into the residence. See State v. Prieur, La., 227 So.2d 126, decided February 19, 1973. There is no merit in these bills.
Bill of Exceptions No. 9 was taken when the trial judge overruled defense counsel's objection to a question posed by the State on redirect examination. It is argued that the question went beyond the scope of permissible redirect examination. R.S. 15:281 sets forth limitations on the scope of redirect examination, but also provides that the application of the rule is within the discretion of the trial judge. We find no abuse of discretion here, especially since defense counsel was given an opportunity to recross.
We have examined Bill of Exceptions Nos. 10, 11, 12, and 16, and find them wholly without merit.
Bill of Exceptions Nos. 19 and 20 were taken during the cross-examination of Officer DeRose by defense counsel before the jury. DeRose was asked what law gave him the right to arrest a citizen because he was a suspect. The State's objection to the question as being irrelevant was sustained. The trial judge said: "That's so immaterial, it isn't even necessary to mention it." Defense counsel then objected to the judge's commenting on the evidence and moved for a mistrial. The motion was overruled, and Bill of Exceptions No. 19 was reserved. The trial judge then told defense counsel to get on with the case "and quit fooling around". To this remark Bill of Exceptions No. 20 was reserved. Both bills are argued under an assignment of error alleging that the judge commented on the evidence. The trial judge is vested with the discretion of stopping "prolonged, unnecessary and irrelevant examination of a witness". R.S. 15:275. In the context of that responsibility the judge's statements were not made as comments on the evidence, but as an effort *55 to keep the trial progressing on the relevant questions to be considered by the jury. Furthermore, the trial judge may give his reasons for sustaining an objection. State v. Walker, 204 La. 523, 15 So. 2d 874 (1943); State v. Vernon, 251 La. 1099, 208 So.2d 690 (1968); State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971). These bills are without merit.
When defense counsel asked Officer DeRose whether he had permission to go into the defendant's apartment at the time of the arrest of defendant's wife, the State objected to the question, stating that the court had already ruled on the legality of the search and that the jury must consider the search legal. A motion for a mistrial was made by defense counsel on the ground that the State was informing the jury of matters which did not concern it. The motion was denied, and Bill of Exceptions No. 18 was reserved. The State's comment did not prejudice the jury; it was simply the basis for the State's objection. Since defense counsel was allowed to pursue his line of questioning, any false impression that the jury may have received was fully clarified.
After conviction of the defendant on the charge of simple burglary, he was charged as a multiple offender under R.S. 15:529.1. He pleaded not guilty, and a trial was had on the merits of that charge. During these proceedings Bills of Exceptions Nos. 24, 25, 26, and 27 were reserved. To show the defendant's prior record, Terryl Manieri, with the Criminal Records Division of the New Orleans Police Department, testified that the fingerprints of the two mugging slips, an arrest register, and a master card for "Hubert Thomas Mitchell" were all of the same person. On cross-examination the witness was made to give detailed identification of the fingerprints. When the documents were offered into evidence, defense counsel objected to their introduction because there had not been 12 points of identification. The trial judge overruled this objection, stating that nothing had been offered to show that there had to be 12 points of identification of fingerprints. Bill of Exceptions No. 24 was reserved. There is nothing to show that the eight to eleven points of identification made by this fingerprint expert were not sufficient to identify the fingerprints. The trial judge's ruling was correct.
Bill of Exceptions No. 25 was reserved when the trial judge allowed the State to introduce into evidence a photograph of the defendant taken from his criminal file without having testimony from the person who took the picture. As noted by the trial judge in his per curiam, it is not necessary that a picture be verified by the photographer in order for it to be offered into evidence. State v. Fox, 251 La. 464, 205 So.2d 42 (1967). There was sufficient identification of this photograph in this case.
After the photograph was introduced, the trial judge made the following statement: "Let the record reflect that the Court is now looking at the picture, S-4, and at the defendant, and can see that they are of the identical people." Defense counsel objected that this was a comment on the evidence, and the judge answered that there was no jury. Bill of Exceptions No. 26 was then taken. The lack of any error or prejudice is apparent. The restraint placed on the judge from discussing the evidence applies only in the presence of the jury. Art. 772, C.Cr.P.
The court record of defendant's prior conviction, admitted into evidence in the trial proceedings on the multiple offender bill, showed that the defendant had pleaded guilty to "theft" while in the bill of information charging the defendant as a multiple offender it is alleged that defendant had pleaded guilty to "simple burglary". The sentence set forth in the bill of information, however, was the correct one. The trial judge allowed the State to amend the bill of information to change the "simple *56 burglary" to "theft". Bill of Exceptions No. 27 was taken to this amendment. Such an amendment is specifically recognized in Article 488, Code of Criminal Procedure. As the per curiam of the trial judge states, the amendment was within the discretion of the judge, and he had express authority to take such action. There was no error committed by allowing the amendment, and the defendant does not allege or show any prejudice by this action.
The conviction and sentence are affirmed.
NOTES
[*] At the time the dress and the screwdrivers were introduced into evidence, the State also introduced the "Rights of Arrestee" form. There is no valid basis for objection to introduction of this form. The discussion of Bills of Exceptions Nos. 3 and 17 shows that the document was relevant and was properly admitted in connection with the defendant's confession.