337 So.2d 1155 (1976)
STATE of Louisiana, Appellee,
v.
Nathan HILLS, Appellant.
No. 57842.
Supreme Court of Louisiana.
October 6, 1976.
John M. Lawrence, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Joseph Meyer, *1156 Jr., Asst. Dist. Attys., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of second degree murder, La.R.S. 14:30.1 (1973), and sentenced to life imprisonment. Upon his appeal, he makes five principal arguments of error. We find no reversible merit to any of them and therefore affirm.
The defendant's arguments found by us to be without merit concern:
1. Pre-Trial Discovery (Assignments 2 and 3): The defendant sought disclosure of details of the state's evidence by motions for a bill of particulars and for oyer. Under applicable jurisprudential interpretations, he was not entitled to obtain same. State v. Thomas, 290 So.2d 317 (La. 1974). Further, the evidence at the trial does not show that the state introduced any evidence of the nature sought.
2. Voluntariness of the Defendant's Confession (Assignments 5 and 9): The chief contention is that the defendant was allegedly beaten and therefore confessed.
The defendant was arrested about 5:30 a.m., arrived at the police station about 5:45 a.m., and his statement was taken commencing about 6:00 a.m. and concluding about 6:45 a.m.
We find no error in the trial court's accepting as credible the testimony of the two officers, who were with the defendant from his arrest until his statement was taken, that his statement was voluntarily made without coercion. Corroborative of this evidence is the testimony of Peter Lewis, who was arrested and indicted for the same crime at the same time, and who shared the same cell. Lewis testified that the defendant told him immediately afterwards that he had signed a confession, without mentioning at the time anything about a beating to his cellmate and friend.
The trial court evaluated such testimony, as credible and rejected that offered by the defendant (his own, his girlfriend's, and the record of a self-serving statement he had made to a prison official). This credibility-evaluation is entitled to great weight and will not be disturbed on review unless clearly erroneous. State v. Hall, 257 La. 253, 242 So.2d 239 (1970).
3. Pre-Trial Lineup (Assignment 6): No in-court identification testimony was produced, since the witnesses could not identify the murderers. The defendant fails to allege or show any prejudice suffered by him by the failure to afford him a pre-trial lineup.
4. Failure to Afford Pre-Trial Notice of Inculpatory Statements Introduced at Trial (Assignments 7 and 8): The defendant's first trial ended in a mistrial. Prior to it, the prosecutor gave him the written notice specifying the inculpatory statements the state intended to introduce at the trial, as required by La.C.Cr.P. art. 768. See State v. Sneed, 316 So.2d 372 (La.1975).
The defendant contends that the state should have given him the notice again before the present (or second) trial.
However, the defendant by the earlier notice was fully and particularly put on notice of the state's intent to use such evidence. We do not find Article 768 to require more than such adequate notice, nor that a second notice reiterating the state's obvious intent to use such evidence is technically required by the Article, cf., State v. Banks, 307 So.2d 594 (La.1975), nor that the defendant was prejudiced in any respect by any failure to reiterate the notice previously given.
5. Denial of a Speedy Trial (Assignment 10): The defendant was indicted March 20, 1975, first tried on October 3, 1975 (within seven months of the indictment), then (after the first trial ended in a mistrial) re-tried and convicted on November 10, 1975 (within eight months of the indictment). Aside from adequate reasons indicated by the record for this comparatively slight delay, no showing is made of prejudice or of violation of any speedy-trial rights of the accused. See State v. Bullock, 311 So.2d 242 (La.1975) and Barker v. Wingo, *1157 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

Decree
Accordingly, we affirm the conviction and sentence.
AFFIRMED.