362 So.2d 1089 (1978)
STATE of Louisiana, Appellee,
v.
Christopher M. HOLLEY and Richard Raglen, Appellants.
No. 61554.
Supreme Court of Louisiana.
September 5, 1978.
Rehearing Denied October 5, 1978.
Paul J. Carmouche, W. Glen Mangham, Shreveport, for appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Ronald R. Inderbitzin, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendants Holley and Raglen were convicted of possession of marijuana with intent to distribute, La.R.S. 40:966, and sentenced respectively to 18 months and 2½ years at hard labor. Their appeal relies upon two assignments, both arising from the denial of a motion to suppress some 60 pounds of marijuana seized at the time of their arrest.
The essentially factual issues raised by the two assignments are: (1) Was there probable cause for the warrantless arrest of the defendants in their motel room?; and (2) Even if so, did the arresting officers' entrance into the adjoining bathroom (in which the marijuana was discovered by the officers, allegedly inadvertently as they reasonably sought to insure their own safety against possibly armed companions of the arrestees) constitute an illegal warrantless search of this adjoining bathroom, since not reasonably incident to the bedroom arrest, see Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), and State v. Ranker, 343 So.2d 189 (La.1977)?
The assignments raise substantial issues, but these essentially involve our review of whether the trial court erred in its *1090 appreciation of the factual evidence and in its evaluation of the witness's credibility. On appeal, the reviewing court accords great weight to such factual determinations of the trier of fact, and it does not disturb them unless they are clearly erroneous. State v. Hall, 257 La. 253, 242 So.2d 239 (1970).
Reviewed by such standard, we do not find reversible error, and we see no need to detail the facts.
With regard to the second stated issue, the factual question is indeed close. Nevertheless, we are unable to find that the trial court erred in finding that the evidence shows that the officers entered the adjoining bathroom with a reasonable expectation it might be a place of danger for them (in which others lurked), in connection with their arrest of the defendants in the motel room. See Tr. 52-54.
The trial court thus found that the evidence was inadvertently discovered in a quick and cursory security check of the immediate premises; a check which was itself based upon a reasonable fear of danger justifying such a check. Consequently, the trial court rejected the contention that the bathroom check was an illegal exploratory search not reasonably incident to an arrest, such as contravenes the principles enunciated in Chimel and Ranker, cited above.
Under these facts, as reasonably found by the trial court, we find no error in its denial of the motion to suppress the marijuana discovered in the bathroom. See, for example: United States v. Clemons, 503 F.2d 486 (CA 8, 1974); United States v. Mulligan, 488 F.2d 732 (CA 9, 1973); United States v. Looney, 481 F.2d 31 (CA 5, 1973); United States v. Briddle, 436 F.2d 4 (CA 8, 1970), certiorari denied, 401 U.S. 921, 91 S.Ct. 910, 27 L.Ed.2d 824 (1971).
Accordingly, we affirm the convictions and sentences.
AFFIRMED.
SUMMERS, J., concurs.