409 So.2d 271 (1982)
STATE of Louisiana
v.
Monroe SMITH.
No. 81-K-2199.
Supreme Court of Louisiana.
January 25, 1982.
Bernard J. Rice, III, Gretna, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Patrick C. Leitz, Abbott J. Reeves, Asst. Dist. Attys., for defendant-respondent.
WATSON, Justice.
A writ was granted to consider whether the trial court erred in refusing to suppress defendant's confession.
Defendant, Monroe Smith, is charged with armed robbery in violation of LSA-R.S. 14:64. Smith was staying at the residence *272 of Rose Marie Gordon in Kenner, Louisiana. When the police arrived at about 11:00 P.M., Smith jumped out of the back window into their arms. It is undisputed that there was an altercation between Smith and two of the three officers making the arrest. The testimony of the three officers did not agree as to which two were involved in the fight. During the fracas, Smith's jaw was fractured. Smith's left hand was already swollen from a bullet wound sustained the previous evening.
Charles Baptiste and defendant testified that the officers started beating and kicking Smith without provocation. Afterward, blood was running down Smith's face and his mouth was askew. He could not speak intelligibly. Detective Frank Hibbs said Smith was resisting arrest. Both Sergeant Vincent Lamia and Detective Dennis Gordon claimed that the other two subdued Smith. Detective Dennis Gordon said he advised Smith of his rights and wrote his confession in question and answer form. The "Voluntary Statement" recites that it started at 1:00 A.M. and concluded at 1:15 A.M. Between 2:00 and 3:00 A.M. Smith was taken to Charity Hospital where he remained for two days. He was treated for a fractured jaw and thumb.
Monroe Smith received five Fs and one D in the seventh grade, his last year of education. His purported confession reflects a tenth grade education. Smith's testimony was that he complained of pain from his broken jaw and injured left thumb. The officers said he only mentioned some numbness of the jaw.[1] Smith said he signed a blank sheet of paper and denied confessing or being advised of his rights. According to the officers, Smith was advised of his rights and the questions and answers on the statement, written by Gordon, reflected Smith's responses to the questions. Smith was taken to the correctional center and then to Charity Hospital. It is argued that he was not admitted to the Jefferson Parish Jail because of the severity of his injuries. When Smith was taken to Charity Hospital, the consent to treatment form was signed by someone else on his behalf.
Article 1, Section 13 of the Louisiana Constitution of 1974 provides that one who has been arrested shall be advised of his right to remain silent, his right against self-incrimination, and his right to the assistance of counsel. Before a confession can be introduced into evidence, it must be shown that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-R.S. 15:451. A defendant may move to suppress a confession on any constitutional ground. LSA-C. Cr.P. art. 703(B). At the trial of a motion to suppress, the state has the burden of proving the admissibility of a purported confession. LSA-C.Cr.P. art. 703(D).
The state must prove beyond a reasonable doubt that a confession was made freely and voluntarily. The trial court's decision that a confession is free and voluntary is entitled to great weight. State v. Hall, 257 La. 253, 242 So.2d 239 (1970). However, the present record does not support the determination in this case. The state should be obliged to call its witnesses first and go forward with its burden of proof at the hearing on the motion to suppress. State v. Peters, 315 So.2d 678 (La., 1975).
The officers who testified undoubtedly believed that Smith was capable of giving a voluntary confession. One who has suffered physical harm can still be competent to give a free and voluntary confession. State v. Smith, 407 So.2d 652 (La.,1981). However, Smith's physical condition, reflected by the fact that he was unable to sign the consent to treatment form at Charity Hospital; the inconsistency in the officers' testimony; the contrary evidence given by the independent witness, Baptiste; and the highly improbable story about the fried chicken; all combine to create at least a reasonable doubt that he gave a free and voluntary confession.
*273 Accordingly, the trial court erred in not suppressing the confession.
For the foregoing reasons, the ruling of the trial court herein is reversed; the motion to suppress is granted; and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents and will assign reasons.
BLANCHE, Justice (dissenting).
I respectfully dissent, being of the opinion that the evidence supports the trial judge's finding that defendant's confessions were free and voluntary.
MARCUS, Justice (dissenting).
Whether a person's physical condition prevents a confession from being free and voluntary is a question of fact to be determined by the trial judge. His finding should not be disturbed on appeal absent a showing that it is not supported by the record. I do not consider that such a showing has been made here. Moreover, defendant does not contend that medical treatment was conditioned on his giving a confession. Pain does not necessarily deprive a person of the ability to tell the truth. I respectfully dissent.
NOTES
[1] The officers even testified that they gave defendant fried chicken during the interrogation; he is said to have devoured the chicken (despite the broken jaw).