# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

ALBERT FRANKLIN

NO. 2019 KW 0645

**AUGUST 12, 2019**

---

In Re:   Albert Franklin, applying for supervisory writs, 19th
         Judicial District Court, Parish of East Baton Rouge,
         No. 04-18-0404.

---

**BEFORE:   GUIDRY, McDONALD, AND CHUTZ, JJ.**

**WRIT DENIED IN PART AND GRANTED IN PART.**  An evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief.  La. Code Crim. P. art. 703(E)(1).  Vague and general legal conclusions, urged in form motions, are inadequate to require the holding of such a hearing.  **State v. Wilson**, 2016-0912 (La. App. 1st Cir. 2/22/17), 2017 WL 716085, at *5.  However, the record does not support a finding of contempt of court by relator's attorneys.  The trial court's ruling finding relator's attorneys in contempt of court is reversed.

JMM
WRC

**Guidry, J.,** dissents in part and would grant the writ application.  Based on the record before us, I find a hearing on the motion to suppress was held and the district court impermissibly shifted the burden of proof by requiring the defendant to present evidence.  It is well-settled that at a hearing on a defendant's motion to suppress a confession or inculpatory statement, the State bears the burden of proving beyond a reasonable doubt the free and voluntary nature of the confession or statement and, therefore, it is obliged to call its witnesses first and go forward with its proof to meet its burden.  **State v. Smith**, 409 So.2d 271, 272 (La. 1982).  See La. Code Crim. P. art. 703(D).

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
     FOR THE COURT